GAIDRY, J.,
dissenting.
|,I find no error in the factual determinations of the trial court. The majority seeks to distinguish the finding of the performance of a law enforcement action on indistinguishable facts.
This case involves a unique factual situation similar to the Johnson case. Mr. Lockman was accessible at all times while driving his police vehicle by virtue of the two-way radio and the cell phone provided by the town. I agree with the worker’s compensation judge that due to the unique circumstances of this case, Mr. Lockman was in “the course and scope of his employment” and performing a “law enforcement action” at the time of his death, even though he was outside of his jurisdiction at the time of his death. My opinion is thus limited to these unique circumstances, which include the fact that Mr. Lockman *833 was on-call twenty-four hours a day as the police chief, that he was driving his police vehicle equipped with a two-way radio and a bubble light, and that he was carrying a cell phone provided by the town. Mr. Lockman was performing a “law enforcement action” by remaining accessible to the Town, and thus is entitled to worker’s compensation benefits under La. R.S. 23:1034.1.